**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

IN RE:

    Marylou Janiga

                                      Case No. 12-48846-MLO
                                      Chapter 13
                                      HON. Maria L. Oxholm

            Debtor(s).
_____/

## MOTION TO SETTLE CLAIM FOR THE ESTATE

NOW COMES Marylou Janiga, Debtor herein, by and through her attorney, Charles J. Schneider, and in support of their Motion to Settle Claim for the Estate states as follows:

1. That the within Chapter 13 Petition was commenced on 4/06/2012.

2. That the Chapter 13 Plan was confirmed on 9/27/2012.

3. That as a result of a post-petition automobile accident occurring on September 10, 2015, and the injuries sustained therein, the Debtor commenced a third party automobile negligence lawsuit against defendant Mircea Moraru on 08/10/2016.

4. That Michigan Autolaw, the additional attorney for the estate, has recently reviewed a proposal for settlement at a case evaluation. And upon the opinion of experienced counsel, the parties have been advised to accept a proposal for settlement to avoid additional costs of litigation and or loss of award. The amount contemplated by this potential settlement is $145,000.00.

5. That after the costs and a 1/3 contingent attorney fee of $48,333.33 due to attorney for Debtor Michigan Autolaw, the amount available for the Debtor and/or the Debtor's bankruptcy estate is approximately $96,666.67. (See Exhibit 6).

6. In order to facilitate and expedite approval of the settlement, any net proceeds (after the deduction of costs and Michigan AutoLaw's 1/3 contingent fee) shall be forwarded to the offices of Charles J. Schneider P.C. and placed in his client trust account for later disbursement pursuant to an order of this court. The settlement check shall be made payable to Charles J. Schneider, P.C., for said deposit and future disbursement.

7. That within 30 days of the entry of any order settling claim the estate or execution of a settlement agreement, counsel for Debtor shall forward to the Standing Chapter 13 Trustee copies of the executed settlement, with an accounting of funds to be held in client trust

1

account of Charles J. Schneider P.C.

8. That within 30 days of the entry of any order settling claim of the estate or execution of a settlement agreement, Counsel for Debtors shall file any necessary pleadings, so as to allow for the determination of the appropriate disbursement of the settlement proceeds.

9. The respective parties herein feel that it is in the best interests of the Debtor and the Estate to accept a settlement premised upon the estimate of costs of continued litigation, the prospects for success, and collection of any amount recovered on the claim.

WHEREFORE, Debtors pray this Honorable Court grant the request for permission to settle a third party automobile negligence lawsuit against defendant Mircea Moraru, pursuant to the above-stated terms.

    /s/   Charles J. Schneider
CHARLES J. SCHNEIDER (P27598)
LISA M. NEDZLEK (P71407)
NICHOLAS D. CHAMBERS (P72084)
Attorney(s) for Debtor
39319 Plymouth Rd., Ste. 1
Livonia, MI 48150
(734) 591-4890
notices@cschneiderlaw.com

Dated: June 7, 2017

2

12-48846-mlo    Doc 110    Filed 06/09/17    Entered 06/09/17 11:04:39    Page 2 of 12

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

IN RE:

Marylou Janiga

Case No. 12-48846-MLO
Chapter 13
HON. Maria L. Oxholm

Debtor(s).
_____/

**ORDER GRANTING DEBTOR'S MOTION TO SETTLE CLAIM FOR THE ESTATE**

This matter having come before this Court upon the Debtor's motion to Settle Claim for the Estate, no objections having been filed thereto; or if an objection was filed, said objection having been resolved, and the Court being otherwise fully advised in the premises;

IT IS HEREBY ORDERED that the Debtor is authorized to settle the claim for the estate from the third party automobile negligence lawsuit in the gross amount of $145,000.00.

IT IS FURTHER ORDERED that any net proceeds shall be forwarded to the offices of Charles J. Schneider P.C. and placed in his client trust account for later disbursement pursuant to an order of this court. The settlement check shall be made payable to Charles J. Schneider, P.C., for said deposit and future disbursement.

IT IS FURTHER ORDERED that within 30 days of the entry of this order settling the claim, Counsel for Debtor shall forward to the Standing Chapter 13 Trustee copies of the executed settlement, with an accounting of funds to be held in Charles J. Schneider P.C.'s client trust account.

IT IS FURTHER ORDERED that within 30 days of the entry of any order settling claim of the estate or execution of a settlement agreement, Counsel for Debtors shall file any necessary pleadings, so as to allow for the determination of the appropriate disbursement of the settlement proceeds.

EXHIBIT 1

1

## UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

IN RE:

    Marylou Janiga

                              Case No. 12-48846-MLO
                              Chapter 13
                              HON. Maria L. Oxholm

          Debtor(s).
_____/

## NOTICE OF MOTION TO SETTLE CLAIM FOR THE ESTATE

    Marylou Janiga, Debtor(s) herein, by and through her attorney, CHARLES J. SCHNEIDER, has/have filed papers with the court to compromise a claim for the estate. **Your rights may be affected. You should read these papers carefully and discuss them with your attorney. (If you do not have an attorney, you may wish to consult one.)**

    If you do not want the court to grant the motion to settle claim for the estate, or if you want the court to consider your views on the motion, within FOURTEEN (14) days from the date of service of this motion, you or your attorney must:

1.    File a written response or an answer explaining your position with[1]:

United States Bankruptcy Court, 211 West Fort Street, Suite 2100, Detroit, MI 48226

If you mail your response to the court for filing, you must mail it early enough so the court will **receive** it on or before the **FOURTEENTH (14th)** day from the date of service of this motion.

    You must also send a copy to:

Charles J. Schneider, Attorney for Debtor(s), 39319 Plymouth Rd., Suite 1, Livonia, MI 48150
Tammy L. Terry, Chapter 13 Trustee, Buhl Building, 535 Griswold, Ste. 2100, Detroit, MI 48226

---

[1] Response or answer must comply with F.R.Civ.P. 8(b), (c) and (e)

1

2. If a response or answer is timely filed and served, the clerk will schedule a hearing on the motion and you will be served with a notice of the date, time and location of the hearing.

**If you or your attorney do not take these steps, the court may decide that you do not oppose the relief sought and may enter an order granting that relief.**

         /s/ Charles J. Schneider
CHARLES J. SCHNEIDER  (P27598)
LISA M.  NEDZLEK (P71407)
NICHOLAS D. CHAMBERS (P72084)
Attorney for Debtor(s)
39319 Plymouth Rd., Ste. 1
Livonia, MI 48150
(734) 591-4890
notices@cschneiderlaw.com

Dated:  June 7, 2017

EXHIBIT 2

2



EXHIBIT 6

# MichiganAutoLaw
## AUTO ACCIDENT ATTORNEYS

May 25, 2017

Marylou Janiga
8619 Nightingale
Dearborn Heights, MI 48127

Re: Date of Injury: September 10, 2015
Our File No. 217539

Dear Marylou:

As you are aware, the above-referenced case was recently heard at Case Evaluation. As I have previously explained, Case Evaluation is a process whereby three (3) court-appointed attorneys evaluate your case and assign a value which is designed to settle the case. The evaluators typically award less than a Plaintiff demands and more than a Defendant is offering. They are attempting to find a middle ground and are generally fairly accurate in predicting what a case is worth.

In your respective case, the panel evaluated your case for $145,000.00 to be paid by the Defendant. *THIS AMOUNT IS NOT AN OFFER FROM THE DEFENDANT(S), AND DOES NOT SETTLE YOUR CASE!*

Case Evaluations are not binding. Each party has the option of accepting or rejecting the evaluation. *You have twenty-eight days from May 24, 2017* in which to accept or reject the mediation award. Therefore, the Notice of Acceptance/Rejection is due to the Court by **June 21, 2017**. If the Plaintiff and the Defendant each accept the Case Evaluation Award, the case automatically settles for the amount of the evaluation. If one or both sides reject the award, the case proceeds to trial. The courts have held you cannot change your mind after you file the acceptance or rejection of the evaluation award. If you do nothing, your inaction will be considered a rejection.

There are potentially serious ramifications for rejecting a Case Evaluation Award. If a Plaintiff rejects the Case Evaluation Award and fails to obtain a verdict at trial at least ten (10%) percent more than the award, then the Plaintiff will be responsible for paying the Defendants costs and attorney fees incurred following Case Evaluation. This can amount to thousands of dollars.

**Attorneys**

Lawrence E. Gursten
Leonard M. Koltonow
Steven M. Gursten
Robert M. Raitt
Ian M. Freed
Kevin H. Seiferheld
Jeffrey A. Bussell
Michael R. Shaffer
Thomas W. James
Brandon M. Hewitt*
Allison F. Duffy
Joshua R. Terebelo
Jordan M. Jones
Todd C. Berg**
Paul E. Shibley
Amy L. Gubesch
Alexander P. Kemp

**Of Counsel**

Jeffrey H. Feldman***

**Paralegals**

Brenda J. Schooley
Laurie H. Chase
Barbara E. Nichols
Michele A. Gerken
Elise M. Harris
Nicole A. Kovenich

**Branch Offices**

Detroit
Grand Rapids
Ann Arbor
Sterling Heights

TAX ID: 38-1892093
*Licensed in California
**Licensed in Illinois
***Licensed in Florida,
New York, and Wyoming

WWW.MICHIGANAUTOLAW.COM
30101 Northwestern Highway, Farmington Hills, MI 48334
T: (800) 968-1001 · (248) 353-7575 · F: (248) 353-4504

12-48846-mlo    Doc 110    Filed 06/09/17    Entered 06/09/17 11:04:39    Page 6 of 12

Please understand that there is personal liability on your part for the costs and attorney fees to the other side. You have no risk of attorney fees to our firm unless we recover for you. As such, if the defense is entitled to the attorney fees and costs and there is not enough reduced from the jury award to pay them, then the defense attorneys could attempt to obtain a judgment and attempt to obtain this money directly from you.

Please call me to discuss the strengths and weaknesses of your case in detail. After we speak, you should consider these issues carefully and indicate your decision below by *initialing and signing* the bottom of this letter, and returning it to me before June 14, 2017.

If you have any questions regarding this matter, please do not hesitate to contact me.

Sincerely,

*Alison F. Duffy*

Alison F. Duffy

/cmr
Enclosure

*Please initial your response and sign.*

**I WISH TO:**

**ACCEPT THE MEDIATION EVALUATION**  ___mlj___

**REJECT THE MEDIATION EVALUATION**  _____

___Marylou Janiga___
MARYLOU JANIGA

DATED: _5-27-17_



# MICHIGANAUTOLAW
*Gursten, Koltonow, Gursten & Raitt, P.C.*

## CONTINGENT FEE AGREEMENT

As protection for clients, the Michigan Supreme Court has set forth rules permitting attorneys to represent clients on a contingent fee basis. This provides access to the judicial system for those who might not otherwise be able to afford to hire an attorney, since the client will pay for the attorney's services only if there is a recovery.

Although you are advised that attorneys may be employed under other arrangements, such as an hourly basis or a fixed fee, you desire us to represent you on a contingent fee basis in your claim for damages for your accident of 9-10-15. You agree to pay us 1/3rd of all sums recovered after costs have been deducted, AND IF THERE IS NO RECOVERY, THERE WILL BE NO FEE FOR OUR PROFESSIONAL SERVICES.

We will advance all costs and expenses, and they will be repaid from the settlement or verdict. The client, unless indigent, agrees to reimburse the law firm for all costs and expenses. Reimbursement shall be made at the time payment of any recovery is made to the client or at the conclusion of the case, whichever occurs first. If there is no recovery, and unless indigent, the Michigan Supreme Court requires that you remain responsible for payment of costs and expenses. Fees on a structured settlement will be calculated at the cost of the settlement and will be paid at the time of settlement or structured separately.

We are representing you in a claim only against those parties involved in your accident. If any of the possible defendants have been drinking, there may be another claim, and a separate fee agreement will be signed if there is an action against the providers of liquor under the provisions of the Dram Shop Act.

This Contingent Fee Agreement applies strictly to the investigation, handling of your case, settlement negotiations and trial of the claim which is the subject of this Agreement. This Contingent Fee Agreement does not bind the Law Firm of Gursten, Koltonow, Gursten & Raitt, P.C. to undertake any appellate work.

Notice is hereby given that if a health care plan or other insurance plan or Medicare/Medicaid has paid medical bills or lost wages, they may be entitled to a lien to be repaid from your settlement of the liability case. The settlement or trial of the claim which is the subject of this Agreement may require Probate Court procedures. The Firm reserves the right to retain the services of attorneys outside our office to handle this aspect of the claim, and any such costs will be reimbursed out of any recovery, to our office, as a cost of handling your claim.

Authorization is hereby given to pay any costs, including the filing of late Case Evaluation expenses, if my attorneys deem it necessary. Such costs may include experts or independent consultants.

Client understands and agrees that the law firm is handling a claim for injuries resulting from an accident, and is NOT representing client for a first-party benefits action from a motor vehicle accident. Client further acknowledges that the Statute of Limitations for a first-party benefits action has been explained to the client. Client understands a separate Attorney Fee Agreement will be

**Attorneys**
Lawrence E. Gursten
Leonard M. Koltonow
Steven M. Gursten
Robert M. Raitt
Ian M. Freed
Kevin H. Seiferheld
Jeffrey A. Bussell
Michael R. Shaffer
Thomas W. James
Brandon M. Hewitt*
Alison F. Duffy
Joshua R. Terebelo
Jordan M. Jones
Todd C. Berg**
Carol Nosanchuk Birnkrant
Paul E. Shibley
Amy L. Gubesch

**Of Counsel**
Jeffrey H. Feldman

**Paralegals**
Brenda J. Schooley
Laurie H. Chase
Barbara E. Nichols
Michele A. Gerken

**Branch Offices**
Detroit
Grand Rapids
Ann Arbor
Sterling Heights

WWW.MICHIGANAUTOLAW.COM
30101 Northwestern Highway, Farmington Hills, MI 48334
T: (800) 968-1001 • (248) 353-7575 • F: (248) 353-4504

TAX ID: 38-1892093
*Licensed in California
**Licensed in Illinois

signed before any responsibility will be upon the law firm. Client further acknowledges that all possible Statutes of Limitations relating to any other relevant cause of action and their significance have been discussed and explained to the client.

Client has been advised and understands that law clerks, paralegals and legal assistants may be employed by the law firm to participate in the investigation and preparation of the client's claim.

Client understands and has been informed and agrees that if the case was referred by another attorney or law firm, the other attorney or law firm will be receiving a portion of the legal fees in this matter, but this will in no way increase the total fee charged to you.

Client understands that no representations have been made as to the potential value of this claim, and the client should not rely on any advertisement or other characterization of other or similar claims.

CLIENT HAS THOROUGHLY READ AND FULLY UNDERSTANDS THE ABOVE AGREEMENT. FURTHER, CLIENT AGREES THAT IF HE/SHE TERMINATES THE ATTORNEY/CLIENT RELATIONSHIP AT ANY TIME AFTER SIGNING THIS REPRESENTATION AGREEMENT, AND IF A SETTLEMENT OFFER IS MADE PRIOR TO THE TERMINATION, THEN THE LAW FIRM IS ENTITLED TO AN ATTORNEY LIEN OF AT LEAST ONE-THIRD (1/3), OR HOURLY, WHICHEVER IS GREATER, OF THE AMOUNT OF THE LATEST OFFER, LESS COSTS. IF THERE HAS BEEN NO OFFER, THEN THE ONE-THIRD (1/3) OR HOURLY, WHICHEVER IS GREATER, WILL APPLY ON THE ATTORNEY LIEN FOR WORK DONE ON YOUR CASE.

Pursuant to MR PC 51 R-5, you are hereby advised that we will maintain your file for a period of five (5) years from the date of closing. Because of storage restrictions, it is our policy to maintain files in storage for a period of five (5) years. If at any time during that period you wish to obtain something contained in your file, you must notify us. THERE WILL BE NO FURTHER NOTIFICATION TO YOU BY OUR OFFICE PRIOR TO DISPOSAL OF YOUR FILE.

Client, by signing this agreement below, acknowledges that he/she has discussed it with an attorney from the firm, has agreed to sign this form to retain the firm, and has received a copy of this agreement

AGREEMENT APPROVED:

(X) _Matt Vallet_  (X) _Marylou Janiga_
    Witness                                              Client Signature

Dated: _10-13-15_ (X) _____
                                                      Client Signature

(CFA 1)

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

IN RE:

    Marylou Janiga

                                          Case No. 12-48846-MLO
                                          Chapter 13
                                          HON. Maria L. Oxholm

                Debtor(s).
_____/

## **PROOF OF SERVICE**

      Linda M. Poling, certifies that she is employed by the Law Office of Charles J. Schneider, P.C., and that on June 7, 2017, she served a copy of **MOTION TO SETTLE CLAIM FOR THE ESTATE**, **NOTICE OF MOTION TO SETTLE CLAIM FOR THE ESTATE** & proposed **ORDER** to:

Tammy L. Terry (P46254)
Chapter 13 Trustee
Buhl Building
535 Griswold, Ste. 2100
Detroit MI 48226

U.S. Trustee
211 W. Fort Street
Suite 700
Detroit, MI 48226

Michigan AutoLaw
Attn Alison Duffy
30101 Northwestern Hwy
Farmington Hills, MI 48334

All parties indicated on the attached dated court matrix

Electronically pursuant to the court notice of service and to those not electronically registered by placing documents in an envelope, correctly addressed and placing same in the U.S. Mail with postage prepaid.

                                                  /s/ Linda M. Poling
                                                  Linda M. Poling
                                                  CHARLES J. SCHNEIDER, P.C.
                                                  39319 Plymouth Road, Ste. 1
                                                  Livonia, MI 48150
                                                  (734) 591-4890
                                                  Notices@cschneiderlaw.com

                        EXHIBIT 4

                                                                          1

| | | |
|---|---|---|
| Label Matrix for local noticing<br>0645-2<br>Case 12-48846-mlo<br>Eastern District of Michigan<br>Detroit<br>Wed Jun  7 15:05:12 EDT 2017 | CitiMortgage, Inc.<br>P.O. Box 688971<br>Des Moines, IA<br>50368-8971 | AT&T Mobility<br>Attn:  Officer for receipt of Process<br>PO Box 6416<br>Carol Stream, IL 60197-6416 |
| AT&T Mobility II LLC<br>% AT&T Services, Inc<br>James Grudus, Esq.<br>One AT&T Way, Room 3A218<br>Bedminster, NJ 07921-2693 | AT&T U-verse<br>Attn:  Officer for receipt of Process<br>PO Box 5014<br>Carol Stream, IL 60197-5014 | Amanda Ingmier<br>8014 Lochdale<br>Dearborn Heights, MI 48127-1233 |
| Amanda Ingmire<br>8014 Lochdale<br>Dearborn Heights, MI 48127-1233 | American Express<br>Attn:  Officer for receipt of Process<br>PO Box 981535<br>El Paso, TX 79998-1535 | Anes Serv Assc Garden City<br>Attn:  Officer for receipt of Process<br>P.O. Box 64000, #641552<br>Detroit, MI 48264-0001 |
| (p)ZEAL CREDIT UNION<br>29550 FIVE MILE ROAD<br>LIVONIA MI 48154-3710 | Bay Area Credit Service, Inc.<br>Attn:  Officer for receipt of Process<br>97 E. Brokaw Rd.<br>Ste. 240<br>San Jose, CA 95112-4209 | Buckles & Buckles<br>P.O. Box 1150<br>Birmingham, MI 48012-1150 |
| Jeffrey Bussell<br>of Gursten, Koltonow, Gursten, Christens<br>30101 Northwestern Hwy.<br>Farmington Hills, MI 48334-6200 | Nicholas Donithorne Chambers<br>39319 Plymouth Road<br>Suite 1<br>Livonia, MI 48150-1059 | Chase/Cardmember Service<br>Attn:  Officer for receipt of Process<br>P.O. Box 94014<br>Palatine, IL 60094-4014 |
| Cinga Group Insurance<br>Attn: Officer for receipt of Process<br>1455 Valley Center Parkway<br>Bethlehem, PA 18017-2343 | Citimortgage<br>Attn:  Officer for receipt of Process<br>PO Box 9438<br>Gaithersburg, MD 20898-9438 | Co-op Services Credit Union<br>Attn:  Officer for receipt of Process<br>P.O. Box 510450<br>Livonia, MI 48151-6450 |
| Department Stores National Bank/American Exp<br>Bankruptcy Processing<br>Po Box 8053<br>Mason, OH 45040-8053 | Department Stores National Bank/Macy's<br>Bankruptcy Processing<br>Po Box 8053<br>Mason, OH 45040-8053 | Ditech Financial LLC fka Green Tree Servi<br>LLC<br>P.O. Box 6154<br>Rapid City, South Dakota 57709-6154 |
| Shawn C. Drummond<br>31440 Northwestern Highway<br>Suite 200<br>Farmington Hills, MI 48334-5422 | Christopher E. Frank<br>P.O. Box 2191<br>Royal Oak, MI 48068-2191 | Garden City Hospital<br>Attn:  Officer for receipt of Process<br>30730 Ford Road<br>Garden City, MI 48135-1803 |
| Gerald F. Kelly DDS<br>Attn:  Officer for receipt of Process<br>23400 Michigan Ave<br>#120<br>Dearborn, MI 48124-1985 | (p)INTERNAL REVENUE SERVICE<br>CENTRALIZED INSOLVENCY OPERATIONS<br>PO BOX 7346<br>PHILADELPHIA PA 19101-7346 | Marylou Janiga<br>8619 Nightingale<br>Dearborn Heights, MI 48127-1265 |
| LVNV Funding LLC<br>c/o Resurgent Capital Services<br>PO Box 10587<br>Greenville, SC 29603 | Ryan E. Ladley<br>39319 Plymouth Rd<br>Ste. 1<br>Livonia, MI 48150 | Macy's Visa<br>Attn:  Officer for receipt of Process<br>PO Box 183083<br>Columbus, OH 43218-3083 |

| | | |
|---|---|---|
| Michigan Bell Telephone Company<br>% AT&T Services Inc.<br>James Grudus, Esq.<br>One AT&T Way, Room 3A218<br>Bedminster, NJ 07921-2693 | Michigan Catholic Credit Union<br>Attn: Officer for receipt of Process<br>255 E. Maple<br>Troy, MI 48083-2717 | Michigan Catholic Credit Union<br>Attn: Officer for receipt of Process<br>PO Box 8071<br>Plymouth, MI 48170-8071 |
| Lisa Nedzlek<br>39319 Plymouth Rd<br>Livonia, MI 48150-1059 | (p)PORTFOLIO RECOVERY ASSOCIATES LLC<br>PO BOX 41067<br>NORFOLK VA 23541-1067 | Recovery Management Systems Corporation<br>25 S.E. 2nd Avenue, Suite 1120<br>Miami, FL 33131-1605 |
| Charles J. Schneider<br>39319 Plymouth Rd.<br>Suite 1<br>Livonia, MI 48150-1064 | Sears Ch. 13<br>National Bankruptcy 13 Center<br>Attn: Officer for receipt of Process<br>45 Congress Street<br>Salem, MA 01970-5579 | TARGET NATIONAL BANK<br>C O WEINSTEIN AND RILEY, PS<br>2001 WESTERN AVENUE, STE 400<br>SEATTLE, WA 98121-3132 |
| Target National Bank Bk Dept<br>Attn: Officer for receipt of Process<br>PO Box 1327<br>Minneapolis, MN 55440-1327 | Tammy L. Terry<br>Buhl Building<br>535 Griswold<br>Suite 2100<br>Detroit, MI 48226-3681 | |

The preferred mailing address (p) above has been substituted for the following entity/entities as so specified
by said entity/entities in a Notice of Address filed pursuant to 11 U.S.C. 342(f) and Fed.R.Bank.P. 2002 (g)(4).

| | | |
|---|---|---|
| Michelle L. Anzaldi<br>29550 Five Mile Rd.<br>Livonia, MI 48154 | (d)Co-Op Services Credit Union<br>Attn: Officer for receipt of Process<br>29550 Five Mile Rd.<br>Livonia, MI 48154 | (d)Co-op Services Credit Union<br>29550 Five Mile Road<br>Livonia, MI 48154 |
| Internal Revenue Service<br>Centralized Insolvency Operations<br>P.O. Box 21126<br>Philadelphia, PA 19114 | Portfolio Recovery Associates, LLC<br>POB 12914<br>Norfolk VA 23541 | |

The following recipients may be/have been bypassed for notice due to an undeliverable (u) or duplicate (d) address.

| | | |
|---|---|---|
| (u)Ditech Financial LLC | (u)Michigan Catholic Credit Union | End of Label Matrix<br>Mailable recipients   40<br>Bypassed recipients    2<br>Total                  42 |